UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PETER JAMES CARR,

    Plaintiff,

v.

WA STATE HEALTH CARE AUTHORITY, et al.,

    Defendants.

CASE NO. C19-1450-TSZ-MAT

ORDER ON REVIEW OF MOTION TO APPOINT NEW JUDGE

On November 13, 2019, Plaintiff Carr filed a Motion to Appoint New Judge, which is properly considered as a motion to disqualify the Honorable Mary Alice Theiler in this matter. Dkt. #10. On November 19, 2019, Judge Theiler issued an Order denying Plaintiff's motion and, in accordance with this Court's Local Rules, referring that decision to the Chief Judge for review. Dkt. #11; Local Rules W.D. Wash. LCR 3(f).

A judge of the United States shall disqualify herself in any proceeding in which her impartiality "might reasonably be questioned." 28 U.S.C. § 455(a). Federal judges also shall disqualify themselves in circumstances where they have a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. 28 U.S.C. § 455(b)(1). Pursuant to 28 U.S.C. § 144, "whenever a party to any proceeding in a district court

makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." "[A] judge's prior adverse ruling is not sufficient cause for recusal." *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986); *see also Taylor v. Regents of Univ. of Cal.*, 993 F.2d 710, 712 (9th Cir. 1993) ("To warrant recusal, judicial bias must stem from an extrajudicial source.").

On October 21, 2019, the Court issued an Order to Show Cause for why the action should not be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Dkt. #7. Plaintiff now moves the Court to appoint a new judge on the basis that Judge Theiler has "bias and a conflict of interest in this matter because she was the judge who offered the REPORT AND RECOMMENDATION in my HABEAS CORPUS action . . . ." Dkt. #10 at 3. The Report and Recommendation Plaintiff references was issued on April 16, 2018 in a separate civil action. *See* Case No. C17-1326-RAJ, Dkt. #28. Plaintiff states, "I wish this civil rights lawsuit to be separate from my criminal case. This cannot happen with the Honorable Justice Mary Alice Theiler presiding." Dkt. #10 at 3.

Nothing presented in Plaintiff's Motion convinces the Court that the standards for recusal have been met. It is well-established that prior adverse rulings are not a valid basis for recusal. *See Studley*, 783 F.2d at 939; *see also Taylor*, 993 F.2d at 712. Plaintiff's allegations of bias and conflict of interest are therefore factually and legally unsupported. Because these unsupported and conclusory allegations are insufficient to demonstrate the appearance of bias or prejudice, the Court finds no evidence upon which to reasonably question Judge Theiler's impartiality.

Accordingly, the Court hereby ORDERS that Judge Theiler's refusal to recuse herself from this matter is AFFIRMED. The Clerk SHALL provide copies of this order to Plaintiff and to all counsel of record.

DATED this 9 day of December, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE