UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| PETER JAMES CARR, | |
| Plaintiff, | Case No.C19-1450-TSZ-MAT |
| v. | |
| BOB FERGUSON, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Peter Carr has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's complaint, and the balance of the record, concludes that plaintiff has not stated a cognizable claim for relief in this action. The Court therefore recommends that plaintiff's complaint and this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DISCUSSION

On September 10, 2019, plaintiff submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983. (*See* Dkt. 1.) Plaintiff alleged in his complaint that defendants violated his Eighth Amendment rights by pursuing, and ultimately obtaining, a wrongful conviction on a

REPORT AND RECOMMENDATION
PAGE - 1

charge of child molestation in the first degree. (Dkt. 6 at 20-21.) Plaintiff claimed that there was insufficient evidence to support the conviction and that the resulting penalties, including a lifetime of incarceration, a lifetime of community custody, a lifetime of sex offender registration, and an extensive list of conditions plaintiff must meet if he wishes to be released from prison, constitute cruel and unusual punishment. (*Id*. at 21-22.)

Plaintiff also alleged that defendants violated his Fifth Amendment right to be free from coercion to incriminate himself by finding every three years that he is not releasable because he "refuses to be bullied or blackmailed . . . into falsely confessing guilt." (*Id*. at 30.) Plaintiff claimed that the Indeterminate Sentence Review Board ("ISRB") will not find him releasable unless he admits his guilt to a sex crime and, because he has continuously maintained his innocence, he remains confined. (*See id*. at 24-27.)

Plaintiff identified as defendants in this action Washington State Attorney General Bob Ferguson, King County Deputy Prosecuting Attorney Risa Woo, Washington Department of Corrections Secretary Stephen Sinclair, and ISRB Chair Kecia Rongen. (*See id*. at 4.) Plaintiff requested a jury trial to determine whether his constitutional rights have been violated, and monetary compensation for the alleged violations of his civil rights. (*Id*. at 33-34.)

Though plaintiff asserted in his complaint that he was not challenging his guilt or innocence in this action, it appeared that the premise underlying plaintiff's constitutional claims was that he had been wrongfully convicted and that his ongoing confinement was therefore unlawful. Because challenges to the fact or duration of a prisoner's confinement are not permissible under § 1983, *see Preiser v. Rodriguez*, 411 U.S. 475 (1973), this Court, on October 21, 2019, issued an Order directing plaintiff to show cause why this action should not be dismissed. (Dkt. 7.) The Court explained in its Order to Show Cause that the United States Supreme Court, in *Heck v. Humphrey*,

REPORT AND RECOMMENDATION
PAGE - 2

512 U.S. 477, 489 (1994), held that a claim brought under § 1983 that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." (*Id*. at 2.) The Court noted that plaintiff's conviction had not been invalidated in any way and that it therefore appeared his claims were not cognizable in this § 1983 action. (*See id*. at 2-3.)

On December 12, 2019, plaintiff filed a response to the Order to Show Cause.[1] (Dkt. 13.) Plaintiff asserts in his response to the Order to Show Cause that he is not challenging the fact or duration of his confinement in this action, he is only alleging that the sentence imposed as a result of what he believes was a wrongful conviction violates his Eighth Amendment right to be free from cruel and unusual punishment, and that the ISRB's refusal to release him from incarceration absent an admission that he committed the crime of which he was convicted violates his Fifth Amendment right to be free from coerced self-incrimination. (*See id*. at 2-3, 7-9.) Plaintiff also states that he is seeking monetary compensation for these alleged constitutional violations in this action because he "was not granted the relief he was entitled to in the criminal courts." (*Id*. at 13.)

Regardless of whether plaintiff's intent is to challenge his conviction directly, or only the constitutionality of the penalties imposed as a result of the conviction, the result is the same. *Heck* makes clear that *any* claim which may call into question the lawfulness of a conviction or the duration of an inmate's confinement is not cognizable in an action brought under § 1983 unless the conviction or confinement has been invalidated in some way. *See Heck*, 512 U.S. at 486-87. A decision in plaintiff's favor on the claims asserted in this action would *necessarily* call into

---

[1] Plaintiff's motion for an extension of time to file his response to the Order to Show Cause (Dkt. 9) is GRANTED. Plaintiff's response has been accepted for filing.

REPORT AND RECOMMENDATION
PAGE - 3

question the lawfulness of his conviction and his ongoing confinement. Plaintiff makes clear that his conviction has not, in fact, been invalidated and, thus, plaintiff's claims are barred by *Heck*.

## CONCLUSION

Based on the foregoing, this Court recommends that plaintiff's complaint and this action be dismissed without prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a cognizable claim for relief. The Court also recommends that plaintiff's pending motion requesting that he be notified when his complaint is served (Dkt. 8) be stricken as moot. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 28, 2020**.

DATED this 4th day of February, 2020.

Mary Alice Theiler
United States Magistrate Judge